[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is a wrongful death action. On May 19, 1994, at about 8:00 a.m., the decedent, Terry Bell, Jr., who was five years old, was being taken to a bus stop by his grandmother, Sheila Isaacs, in a Ford Ranger pick-up truck. Mrs. Isaacs parked the truck along the west side of the southbound lane of Voyager Boulevard, after which Terry left the vehicle and attempted to cross the southbound traffic lane in order to get to a median strip where he and his classmates ordinarily waited for the New Lebanon School bus. As Terry walked across Voyager, he was fatally struck by a Jefferson Township School bus being driven by Betty Rabold.
The plaintiff, Melinda L. Sears, as Administratrix of the Estate of Terry J. Bell, commenced this action in the Court of Common Pleas of Montgomery County against the defendants, Mary Saul, New Lebanon School District, and Sheila Isaacs. Thereafter, New Lebanon and its bus driver, Mary Saul, filed cross-claims against Sheila Isaacs, as well as a third-party complaint against Jefferson Township Local School District and Betty Rabold.
Subsequently, the plaintiffs settled their claims with Isaacs, Rabold, and Jefferson Township, after which they moved for summary judgment on the cross-claims asserted by Mary Saul and New Lebanon. Such motions for summary judgment were sustained by the Common Pleas Court, but such rulings of the trial court are not at issue in this appeal.
Rather, this appeal is directed to a motion for summary judgment filed by Mary Saul and New Lebanon, which was based, among other things, upon statutory immunity. In a decision entered on February 25, 1998, the trial court overruled the motion, after which Saul and New Lebanon immediately appealed to this court under R.C. 2744.02(C).
At that point, this court issued an order to the appellants to show cause as to the immediate appealability of the order overruling the motion for summary judgment, and after considering the response of Saul and New Lebanon, this court rendered a decision on July 10, 1998 allowing the appeal to proceed. However, in recognizing the jurisdiction of this court, the decision stated as follows:
 "As a threshold matter, we must clarify that this court's question of whether the amendment to R.C. 2744.02 applies to the order under appeal only relates to the portion of the trial court's order regarding the denial of summary judgment based on immunity. The portions of the order denying summary judgment based on the finding of a question of material fact relating to duty and proximate cause are not final appealable orders and will not be reviewed by this court on appeal until after the final resolution of the case."
This being the state of the record, the only issue presently before the court is whether the defendants, Mary Saul and New Lebanon School District, are immune from liability under the facts of this case. And with particular reference to the misconduct alleged by the plaintiffs against these defendants, the complaint filed in the action provides as follows:
 "Plaintiff, Melinda L. Sears, further states that defendant, New Lebanon School District, and defendant, Mary Saul, placed the bus stop, which was located at the intersection of Voyager Road and State Route 35 at the mouth of the intersection, in this innately dangerous position in the roadway. Defendants, New Lebanon School District and Mary Saul, knew of this dangerous bus stop and negligently, recklessly, willfully, and wantonly continued to have the bus stop at this location mandating the minor children to walk in the street in order to enter the bus in violation of the laws of the State of Ohio."
At the outset, we note that the decision of the trial court, as well as the briefs of the parties, raise some question as to the applicability of R.C. 2744.02(B)(1), but nothing appears in either the pleadings or the evidence to suggest that the alleged misconduct of either Ms. Saul or New Lebanon was traceable to "the negligent operation of any motor vehicle." On the contrary, the case against these defendants was based essentially upon the location of the bus stop as officially established by New Lebanon, and/or the possibility that the location of the bus stop was unofficially changed by Mary Saul with the knowledge of her employer. The facts of this case are too narrowly confined, therefore, to embrace the "operation" of a motor vehicle. See,Turner v. Central Local School District (Sept. 5, 1997), Wyandot App. No. 4-97-13, unreported. Hence, this summary judgment proceeding turns entirely upon the applicability of R.C.2744.03(A)(6)(b), as found by the trial court, which creates liability where "the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."
In this regard, it is manifest that the acts of the defendants were not prompted by any malicious purpose, bad faith, or wantonness, but the trial court expressly found that "reasonable jurors could conclude that Saul was reckless in choosing where to pick up students." And while the evidence upon this issue is somewhat sketchy and uncertain, this court, after construing the evidence most favorably to the plaintiffs, is inclined to agree with the observation of the Common Pleas Court. Indeed, under the circumstances of this case, recklessness derives some of its meaning from the unusual care and caution required in choosing a bus stop for children of tender years.
Upon the present record, therefore, the judgment of the trial court upon the issue of immunity is Affirmed, and the causeRemanded to the Common Pleas Court for an orderly appeal of the entire case.
WOLFF, J., and FAIN, J., concur
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
 Richard M. Hunt Nicholas E. Subashi David J. Arens Louis I. Hoffman Hon. Patrick J. Foley